**NATIONAL LIFE & ACCIDENT INS. CO., Inc., v. LOGAN.**

**No. 14197.**

Court of Civil Appeals of Texas. Fort Worth.

March 21, 1941.

Rehearing Denied April 25, 1941.

A. W. Christian and W. A. Hawkins, both of Fort Worth, for appellant.

Culbertson, Morgan, Christopher & Bailey and M. Ward Bailey, all of Fort Worth, for appellee.

BROWN, Justice.

This is a suit upon a life insurance policy issued by appellant, National Life and Accident Ins. Co., Inc., on the life of Virginia Logan, now deceased. As next friend of the minor children of the deceased (who were the named beneficiaries) the father, C. R. Logan, brought the suit.

The insurance company pleaded the provisions of the contract to the effect that the policy contains the entire agreement between the parties, and that its terms cannot be changed or its conditions varied except by a written agreement signed by the president or secretary of the company, and that no other person shall have the power to make or alter the contract, or waive forfeitures, and that the contract specifically provides that if the insured was not in sound health on the date of the policy, the company's full liability shall be discharged by the payment of the premiums it has received.

The plaintiff sought to hold the insurance company upon the theory that the agent who solicited the insurance and the field superintendent, who is employed in the local office, knew of the serious illness of the insured when the application for the contract was made, and when the policy was delivered, and that thus a waiver was accomplished, and the insurer is estopped to deny liability.

The cause was tried to a jury and findings were made that the said field superintendent had actual notice of the fact that the insured was not in sound health when he visited her for the purpose of checking the application for insurance, and that he had actual notice of such fact when the policy was delivered to the insured.

On this verdict (and other findings not necessary to be noticed), the trial court rendered judgment against the insurance company for the face of the policy—$500 —but denied judgment for the penalty and attorney's fees.

It is made plain by the lengthy judgment that the insured was suffering from serious illness when she applied for the insurance and when the policy was delivered, and that this fact is not only undisputed but agreed to by the parties. The judgment was rendered solely upon the issue of waiver and estoppel.

This case is on all fours with Willis v. Texas Prudential Ins. Co., 101 S.W.2d 857 (by this court), in which a writ of

error was refused, and the opinion, in the case of Great Nat'l Life Ins. Co. v. Hulme, 134 Tex. 539, 136 S.W.2d 602 (Commission of Appeals, adopted by the Supreme Court), discusses the principles here involved.

Upon the authorities cited, and others that are in point, the judgment of the trial court is reversed and judgment is here rendered for appellant.