**HUNT et al. v. W. O. W. LIFE INS. SOC.**

No. 14256.

Court of Civil Appeals of Texas.
Fort Worth.

June 20, 1941.

Rehearing Denied Sept. 5, 1941.

James E. Faulkner, of Henderson, for appellants.

Seale & Thompson, of Nacogdoches, for appellee.

## 858

**McDONALD, Chief Justice.**

The trial court instructed a verdict for defendant, a fraternal benefit society, in a suit upon a policy of life insurance.

■ Appellants, the beneficiaries, concede that the insured was in bad health, suffering from an incurable disease, at the time of making the application for the policy and at the time the policy was issued. It is conceded that the statements in the application relating to the health of the insured are untrue.

In the absence of waiver or estoppel, a recovery on the policy would be precluded on account of the falsity of the statements in the application, under authority of such cases as Brady Mut. Life Ins. Ass'n v. Pfiester, Tex.Civ.App., 113 S.W.2d 268, and cases therein cited.

■ The application contained a provision to the effect that the policy should not become effective until delivered to the applicant while in good health. In the absence of waiver or estoppel, this provision also would preclude a recovery in the present case. Great National Life Ins. Co. v. Hulme, 134 Tex. 539, 136 S.W.2d 602; National Life & Accident Ins. Co. v. Logan, Tex.Civ.App., 150 S.W.2d 133.

■ Appellants seek to avoid the effect of the above provisions in this manner. They contend that under Article 4834, Revised Civil Statutes, and under the terms and provisions of its own rules and regulations, defendant was in duty bound to make a medical examination of the applicant; that no medical examination was made; and that if an examination had been made defendant would have discovered that the applicant was suffering from an incurable disease. Appellants' contention is that, in passing upon the question of waiver or estoppel, defendant should be treated exactly as if the medical examination had been made and had revealed the bad health of the applicant. In other words, it is contended that defendant should, by reason of the statute mentioned, be charged with knowledge of what a medical examination would have revealed, and must be treated as having waived the disease which defendant would have known about if the examination had been made.

We are not willing to hold that waiver or estoppel can be predicated upon such a basis. Waiver and estoppel are equitable defenses. In the case of waiver, there must have been knowledge of the rights intended to be waived, and of all the facts and circumstances affecting such rights. See 43 Tex.Jur. page 895, and cases there cited. In the case of estoppel, the material facts must have been unknown to the party claiming the benefit of the estoppel, and must have been known to the party against whom the estoppel is claimed. See 17 Tex. Jur. pages 138 to 144, and cases there cited. An applicant for insurance ought not to be relieved of the consequences of making false statements concerning his health by showing that the insurer could have discovered the falsity of the statements by making a medical examination of him. Such a thought is foreign to the recognized rules of equity.

The judgment of the trial court is affirmed.

### On Motion for Rehearing.

■ Appellant vigorously insists in her motion for rehearing that we have misconstrued both the facts and her theories of recovery. She urges that the insured did not himself make any false representations, but that the false statements in the application regarding the applicant's health, which appellant still concedes were false, were written in the application by the agent without the knowledge of the applicant.

Appellant must nevertheless be denied a recovery because of the provisions of the policy to the effect that it should not become effective until and unless delivered to the applicant while in good health. Great National Life Insurance Co. v. Hulme, 134 Tex. 539, 136 S.W.2d 602. Also, under authority of the Hulme case, supra, and Lindley v. Franklin Fire Ins. Co., by the Commission of Appeals, 152 S.W.2d 1109, the false statements contained in the application will defeat a recovery, even though the agent wrote the statements without the knowledge of the applicant.

Appellant's motion for rehearing is overruled.