**WASHINGTON NAT. INS. CO. v. FINCHER.**

No. 14289.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 7, 1941.

Max R. Rosenfield, of Dallas, for appellant.

George M. Hopkins, of Denton, for appellee.

McDONALD, Chief Justice.

Plaintiff sued upon what is commonly known as a policy of hospitalization insurance. The trial court, a jury having been waived, rendered judgment in favor of plaintiff for a total of $501.55, allowing recovery for $113 of the $120 hospital expense, $150 surgical expense, $6.25 interest, $32.30 statutory penalty, and $200 statutory attorney's fee. Defendant appealed.

Plaintiff testified that $84 of the hospital bill was paid by Group Hospital Service, Inc. Plaintiff's contract with the latter concern was not introduced in evidence, and his testimony relating thereto is not clear. The policy issued by defendant, upon which this suit is based, provides in part:

"If the Insured shall necessarily be confined to a regularly incorporated or licensed hospital * * * the Company will reimburse the Insured, subject to Section VIII, for the amount actually expended by him within the following limits."

Whatever may have been the precise nature of plaintiff's contract with the Group Hospital Service, Inc., it is our opinion that he failed to discharge the burden of proving that he either actually expended or became obligated for more than $36 of the hospital bill, and that the latter sum is all that he is entitled to recover under this section of the policy. Neck v. Reliance Industrial Life Ins. Co., La.App., 159 So. 449. The policy sued upon is one of indemnity. To construe it otherwise would be to give to it the nature of a gambling contract.

Plaintiff contends that defendant is estopped to assert the defense just men-

tioned because, according to plaintiff's testimony, he talked with defendant's local soliciting agent about his arrangement with Group Hospital Service, Inc., and was assured by the agent that it would not interfere with his rights under the policy issued by defendant. This contention must be overruled under authority of such cases as Great National Life Ins. Co. v. Hulme, 134 Tex. 539, 136 S.W.2d 602, and National Life & Accident Ins. Co. v. Logan, Tex.Civ.App., 150 S.W.2d 133.

Defendant contends that a recovery of only $100 should have been allowed for doctor bills. The policy in part provides: "If the Insured shall necessarily undergo a cutting operation named in the following Operation Schedule * * * the Company will * * * reimburse the Insured for the amount actually paid by him to the physician and surgeon * * * provided that if more than one such operation is performed on account of any one injury or sickness, the limit of payment shall be the larger amount specified in said Operation Schedule."

■ The schedule provides $100 for an appendectomy and $50 for a herniotomy. The two operations were performed at the same time. The surgeon testified that he charged $100 for the appendectomy and $50 for the herniotomy, and that these were his regular charges. The evidence does not show that these two operations, although performed at the same time, were "on account of any one injury or sickness." The most that can be gathered from the testimony of the surgeon is that it might have been possible for the condition resulting from the hernia to aggravate the condition caused by the diseased appendix. We do not consider in point the authorities cited by appellant.

■ In our opinion, the court's allowance of $200 as attorney's fee was excessive by $100. Southland Life Ins. Co. v. Norton, Tex.Com.App., 5 S.W.2d 767; American Nat. Ins. Co. v. Mays, Tex.Civ. App., 97 S.W.2d 975; American Nat. Ins. Co. v. Chavez, Tex.Civ.App., 100 S.W.2d 787; American Nat. Ins. Co. v. Vasquez, Tex.Civ.App., 103 S.W.2d 817. Appellant has made no complaint as to the allowance of interest, the twelve per cent statutory penalty or the statutory attorney's fee, except as to the amount of the latter.

Plaintiff was entitled to recover judgment for the $36 he actually paid on the hospital bill, the $150 he paid to the doctor, $4.65 interest, $22.88 penalty and $100 attorney's fee, a total of $313.53, with interest thereon from the date of the judgment.

The judgment will be affirmed conditional upon the appellee filing within 20 days a remittitur of $188.02 on the judgment. If the remittitur is not filed, the judgment is ordered reversed, and the cause remanded.

Affirmed conditionally.