## MERCURY LIFE AND HEALTH COMPANY, Appellant,

v.

**Donaciano MORALES, Individually, and as Next Friend of Rita Isabel Morales, a Minor, and his Wife, Beatrice T. Morales, Appellees.**

No. 13492.

Court of Civil Appeals of Texas.

San Antonio.

June 10, 1959.

Edward Penshorn, San Antonio, for appellant.

Henry Castillo, San Antonio, for appellees.

MURRAY, Chief Justice.

This suit was instituted by Donaciano Morales, individually and as next friend of Rita Isabel Morales, his minor daughter, and Beatrice T. Morales, his wife, against Mercury Life and Health Company, a corporation, hereinafter referred to as Mercury, seeking to recover what is commonly called hospitalization benefits under a certain Family Hospital Policy issued by defendant. The trial was to the court without the intervention of a jury, and resulted in judgment in favor of plaintiffs against defendant in the sum of $549.96, from which judgment Mercury Life and Health Company has prosecuted this appeal.

Appellant complains because the trial court awarded appellees judgment for a certain sum of money for a specified period of time, without requiring specific proof of the actual cost of services rendered by the hospital.

The policy, among other things, provided as follows:

"1. Adults. If the Insured or any Insured member of the Family shall be necessarily confined to a hospital as a result of 'such injuries' or 'sickness' and qualified to receive benefits hereunder, the Company will pay benefits for the days of hospital confinement beginning with the first full day thereof at the rate of One Hundred Dollars per week, or $15.00 per day, but not to exceed the actual cost of hospital room, board, x-rays, operating room, anesthetic, laboratory, transfusions, drugs and medicines furnished by the hospital. This policy covers, as adults, persons insured over the age of eighteen (18) years.

"2. Minors. If any member of the Family over three (3) months and under the age of eighteen (18) years shall be necessarily confined to a hospital as the result of 'such injuries' or 'sickness' for which benefits are payable, the Company will pay for each and every day of such confinement beginning with the first full day of such confinement at the rate of

Fifty Dollars per week, or $7.50 per day, but not to exceed the actual cost of hospital room, board, x-rays, operating room, anesthetic, laboratory, transfusions, drugs and medicines furnished by the hospital."

The trial court's conclusions of law were as follows:

"From the foregoing findings of fact, I conclude as follows:

"1. That defendant is liable under the terms and provisions of said policy to plaintiff Beatrice T. Morales for twenty-six days' confinement in the Robert B. Green Hospital at the rate of $100.00 per week, amounting to $371.40.

"2. That defendant is liable under the terms and conditions of said policy to plaintiff Rita Isabel Morales, for twenty-five days' confinement in said hospital at the rate of $50.00 per week, amounting to the sum of $178.56."

It is quite clear that the trial court felt that Mercury should pay Mrs. Morales $100 per week for each week she was in the hospital, and the minor, Rita Morales, $50 per week for each week she was in the hospital, and that it was not necessary to show just what these parties had paid or obligated themselves to pay the hospital for the particular services which they had received. We do not agree. While the policy provides that Mercury will pay to an adult member of the family not to exceed $100 per week, and to a minor not to exceed $50 per week, it also provides that the Company will pay insured only "the actual cost of hospital room, board, x-rays, operating room, anesthetic, laboratory, transfusions, drugs and medicines furnished by the hospital."

It was therefore necessary for appellees to prove just what sums were paid to the hospital and to list the items covered by the payments. Appellees were entitled to reimbursement of the actual costs to them, not to exceed the total amount stated in the policy. Preferred Life Insurance Co. v. Stephenville Hospital, Tex.Civ.App., 256 S.W.2d 1006; Washington National Insurance Co. v. Fincher, Tex.Civ.App., 157 S.W.2d 164.

The record in this case and the findings of the trial court go no further than to show that Mrs. Morales and her daughter received certain medical treatment and care at the Robert B. Green Hospital, a charitable institution, and that they paid to such hospital, through their attorney, $450 for the expenses of the mother and $271 for the expenses of the daughter. Before appellees could recover they would have to show what each one of these expenses were and the amount paid therefor, so that Mercury could determine that the items were covered by the policy and did not exceed the limits stated in the policy.

The judgment is reversed and the cause remanded for a new trial.