The TRAVELERS INSURANCE COMPANY, Appellant,

v.

John William Herbert VARLEY, Appellee.

No. 4646.

Court of Civil Appeals of Texas.

Waco.

Nov. 2, 1967.

Rehearing Denied Nov. 22, 1967.

Dawson, Dawson & Brown, Corsicana, for appellant.

Mays, Jacobs & Pevehouse, Corsicana, for appellee.

## OPINION

WILSON, Justice.

Plaintiff recovered judgment in a non-jury case against the insurer on a group health and accident policy for hospital room and board expense. Recovery of benefits claimed for miscellaneous medical care and treatment was denied.

The policy provisions which give rise to the present problems, and which require interpretation are italicized:

"Part EH—Hospital Expense

Benefits. Section A—For Daily Board and Room Expense: If the employee shall be confined as a resident patient in a legally constituted hospital on account of accidental bodily injury or bodily disease not hereinafter excepted * * * the Company will pay to the Employee, subject to the provisions hereinafter contained, an amount equal to the *charge* made by the hospital *to the employee* for board and room * * *."

The "Miscellaneous Fee" provision is included in Part EH, and specifies that if the employee shall necessarily receive medical care and treatment "on any day of hospital confinement for which benefits are payable under Section A" the company will pay to the employee *"actual expense to the Employee"* of such charges.

Part EDMX (employees and dependents major medical expense benefits) after providing for an annual $100 deductible, reads in part:

"The medical expenses covered under this part shall include reasonable *charges actually incurred by the Employee"* in connection with treatment.

Listed are *"Charges made"* for room and board, necessary medical care and treatment, X-Rays and medical supplies. The policy was issued in 1957.

Plaintiff alleged he incurred $528.30 in expenses covered by the policy: 1 day, room and board $12; electrocardiogram $12.50; room and board (14 days at $17) $238; drugs, dressings and laboratory fees $155.80. The insurer answered that all but $40 of these expenses (tendered to plaintiff) "were incurred by, became the liability of, and were duly paid by the Social Security Administration through the Medicare program." (42 U.S.C.A. Sec. 1395c et seq.).

The insurer's position is that the policy obligated it to pay only for room and board charges made by the hospital "to the employee"; that the employee was not "charged"; that he was a Medicare patient, and Medicare was charged with, and paid for, his room and board. It relies on wording in various sections of the Social Security Act

to the effect that the hospital qualifying thereunder (as was the present hospital) is required to file an agreement "not to charge * * * any individual or any other person" for services covered by and to be paid under the Act. (42 U.S.C.A. Sec. 1395cc(a) (1) (A).

■ We do not agree. The policy was issued eight years before the 1965 Medicare provisions of the Social Security Act became effective, and that law was not within the contemplation of the parties when the contract was entered into. We find nothing in the terms of Part EH of the policy which has the prospective effect of absorbing or embodying a subsequently enacted law. Statutes which are not curative or remedial are not ordinarily held to operate retrospectively. Government Personnel Mut. Life Ins. Co. v. Wear, 151 Tex. 454, 251 S.W.2d 525, 529.

The Act itself, however, even if it should be regarded as controlling, expressly provides that nothing in the subchapter concerning health and hospital insurance for the aged shall be construed to preclude "any individual from purchasing or otherwise securing protection against the cost of any health services." 42 U.S.C.A. Sec. 1395b.

■ The question of insured's personal liability for board and room under Part EH is simply one of interpretation of the words, "charge made by the hospital to the employee." The word "charge" is one of common meaning. It is not a term of art. It is derived from a Middle English word referring to the loading of a wagon. It means here "To set to, as a debt; to place on the debit side of an account; as to charge a man with the price of goods sold to him"; to "fix or set down at a price named," as distinguished from "to put liability on a person; to make liable for a purchase"; or to "subject to a financial burden." I Webster's New Twentieth Century Dictionary, unabridged (1964) 304; I Century Dictionary and Encyclopedia (Rev. ed.) 929.

Whether the Department of Health, Education and Welfare paid the hospital or not, the board and room cost was initially placed on the debit side of plaintiff's account at the hospital. Sec. 1395d(a) of the Act relied on by insurer provides, "The benefits provided to an individual by the insurance program" entitled him "to have payment made *on his behalf*." Payment could be made on his behalf, obviously, only if the price of hospital services had already been placed on the debit side of plaintiff's account, and "charged" to him. Sec. 1395y, 42 U.S.C.A., further excludes from coverage and forbids payment for services "for which the individual furnished such items or services *has no legal obligation to pay*", and for which no other person has a legal obligation to pay. It likewise excludes coverage for services covered under a workmen's compensation law. Id., (b).

The cases relied on by insurer, e. g., Dillingham v. American Security Life Insurance Co., Tex.Civ.App., 384 S.W.2d 920, no writ; Mercury Life & Health Co. v. Morales, Tex.Civ.App., 325 S.W.2d 459, no writ; and Washington National Insurance Co. v. Fincher, Tex.Civ.App., 157 S. W.2d 164, no writ, involved policies in which coverage was limited to reimbursement for "the amount actually expended"; or expressly excluded loss where "facilities are furnished by the State." The Fincher case turned on lack of proof of the nature of expenses paid.

The fact that no formal demand was made on plaintiff by the hospital does not relieve insurer of liability, as it contends.

Plaintiff's cross-point challenges that portion of the judgment denying him recovery for hospital room and board beyond $10 per day, and denying recovery for X-ray, drugs and laboratory fees. The hospital charge for room and board was 1 day at $12, and 14 days at $17. The court concluded that the maximum policy benefit was $10 per day, and allowed $150. The basis for the conclusion was that "Part EH", quoted above limited "miscellaneous fees" for medical care and treatment to "actual

expense to the employee", and limited board and room charges to "the Maximum Daily Benefit hereinafter specified." A separate table specified the maximum hospital expense benefit under Part EH "(for one day of confinement)" was $10.

Whether plaintiff may recover under the "Miscellaneous Fee" section of Part EH depends upon the meaning of "actual expense to the employee." The insurer argues he had no actual "expense," but that Medicare bore it. "Expense" means "money spent; disbursing of money; cost, charge, money to pay for charges"; "cost with the idea of loss, damage, or sacrifice"; "a drain on one's finances, as 'one's sickness is always an expense'"; "outlay, the burden of expenditure". I Webster's New Twentieth Century Dictionary (2d ed. 1964) 644; Webster's New International Unabridged Dictionary 896.

 When qualified by the emphatic adjective, "actual", and when circumscribed by the restrictive words, "to the employee", it is unreasonable in our opinion to conclude the claimed benefits are recoverable under the Miscellaneous Fee Section. There was no actual expense to the employee.

Plaintiff urges he is not subject to these limitations, but is entitled to recover the amount he claims under the further portion of the policy coverage, Part EDMX. It provides that if the Employee shall necessarily incur medical expenses exceeding a specified deductible amount (computed by formula [1]), the insurer will pay 75% of the excess.

It is apparent that the formula requires inclusion in "Basic Benefits" the

Medicare "plan or law" provided for "by or through action" of the United States Government. When this deductible is applied there is no sum remaining in an excess to which the 75% payment formula is subject. Plaintiff may not recover under Part EDMX. Appellee's cross-points are overruled.

The judgment is affirmed.

---

[1]. "The deductible amount is the sum of two parts, one called the Basic Benefits Deductible, and the other called the Cash Deductible" ($100). The Basic Benefits Deductible is defined as the total benefits provided through any "Basic Benefits" plan. "Basic Benefits", in turn, is defined as benefits under all parts of the policy except EDMX, and under any plan, "including any federal or state plan or law," toward the cost of which the Employer has contributed or makes payroll deductions; and benefits under "any plan solely or largely tax supported or otherwise provided for by or through action of any government." The policy excludes coverage under Part EDMX of charges in any hospital "which makes *no charge* that the *employee* is *required to pay.*"