REPUBLIC BANKERS LIFE INSURANCE COMPANY, Appellant,

v.

Calvin B. ANGLIN, Appellee.

No. 7920.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 29, 1968.

Stanley S. Crooks, Shipp & Crooks, Dallas, for appellant.

Bird Old, Jr., Mt. Pleasant, for appellee.

CHADICK, Chief Justice.

Calvin B. Anglin, an employee of Maxwell Drilling Service Company, was injured while engaged in the performance of his duties on July 12, 1967. He was immediately carried to Talco Hospital and Clinic by his employer. The hospital admitted him and he remained there as a patient until discharged July 26, 1967. At trial time, December 21, 1967, Mr. Anglin was receiving weekly workman compensation payments from his employer's compensation insurance carrier. The amount of his compensation entitlements had not been determined by settlement or otherwise at time of suit. Between the time of hospital entry and time of trial the charges made by the hospital for Mr. Anglin's hospitalization had not been paid. The hospital had not requested or billed Mr. Anglin or the compensation carrier for payment. The charges were entered by the hospital bookkeeper on its books in a special category maintained for accounts in workmen compensation cases.

The appellant, Republic Bankers Life Insurance Company, issued an insurance policy to Calvin B. Anglin which provides, "The Company will pay, as a result of any one accident or sickness, the Insured (or the hospital, if authorized by the Insured to do so) for the following items of hospital expense actually incurred but not to exceed the amounts stated below: * * *". The policy contract clearly obligates the insurance company to pay to Mr. Anglin the specified hospital expense Mr. Anglin actually incurred.

The question for resolution in this appeal is whether or not recovery under the policy is limited to reimbursement of out of pocket payments Mr. Anglin made toward discharge of the hospital expense he actually incurred as a result of his injury.

Mr. Anglin's entry into the hospital and reception of its services created an implied agreement between the two that Mr. Anglin would pay the reasonable and customary charges made by the hospital. This action created hospital expense which Mr. Anglin incurred and became legally liable to pay under elementary principles of contract law. American Indemnity Co. v. Olesijuk, 353 S.W.2d 71 (Tex.Civ.App.-San Antonio, 1961, er. dism'd). The quoted language of the policy here under examination does not by apt words limit the insurance company's obligation to reimbursement of money paid out by Anglin; to the contrary the language envisages an assignment of insurance benefits before payment of hospital expenses and therein treats expense, as the term is used in the policy, as a current obligation as well as a discharged debt. Reimbursement alone does not appear to have been contemplated by the parties, as the statement of the insurance company's obligation committed it specifically to payment of both discharged and undischarged expense.

Argument that Anglin had suffered no loss because he had not paid the hospital charges at trial time, or that the compensation carrier was, or probably would be, liable and obligated to pay such expense avoids the issue here. Both Mr. Anglin and the compensation carrier may be legally liable for payment. The policy agrees to pay Anglin's expense actually incurred.

This obligation is explicit and direct and is not conditional or contingent. The record shows Anglin's obligation to pay the hospital had not been discharged or relieved. The record is not conclusive that the obligation will be satisfied should Mr. Anglin fail to pay. The appellant's several points of error are overruled.

The judgment of the trial court is affirmed.