Walter H. DUNBAR, Appellant,

v.

NATIONAL SECURITY LIFE & ACCIDENT
INSURANCE COMPANY, Appellee.

No. 4284.

Court of Civil Appeals of Texas.

Eastland.

Feb. 28, 1969.

Rehearing Denied April 4, 1969.

———◆———

Scarborough, Black, Tarpley & Scarborough, Charles Scarborough, Abilene, for appellant.

McMahon, Smart, Sprain, Wilson & Camp, Steve Suttle, Abilene, Thompson, Coe, Cousins, Irons & Porter, Robert W. Porter, Dallas, for appellee.

GRISSOM, Chief Justice.

Walter H. Dunbar sued National Security Life & Accident Insurance Company to re- cover on an insurance policy the doctor and hospital bills incurred by him while confined in a hospital as a result of sickness. The policy was issued in June, 1953, about thirteen years prior to enactment of the law creating the Federal Medicare Program. Plaintiff's hospital and surgeon's bills (excepting only the amounts deductible from medicare coverage, to-wit $90.00, which the insurer tendered to plaintiff), were paid by medicare. Dunbar contends that because the policy provides that the insurer will pay him his hospital and surgeon's expenses that he is entitled to recover the amounts thereof, despite the fact that they have been paid by "medicare." The policy expressly insured Dunbar against the hospital and surgeon's expenses in controversy. It provided that, if Dunbar had a surgical operation, the insurer would "pay the insured (or will pay the physician or surgeon if authorized by the insured to do so) for the fee charged by the surgeon the amount set opposite the name of the operation." With reference to hospital benefits if provided that if Dunbar should be necessarily confined as a bed patient in a hospital the insurer "will pay the insured or will pay the hospital, if authorized by the insured to do so—" stated items (including those sued for), of "actual hospital expense."

With reference to the hospital and doctor expenses here in controversy, it was agreed that Dunbar was entitled to recover them from appellee unless payment by "medicare" deprived him of that right. The trial court concluded that payment by medicare did relieve appellee of its contractual duty to pay same to Dunbar. It rendered judgment for the insurer and Dunbar has appealed.

The policy provided that the insurer would "pay the insured" the fee charged by the surgeon up to the amount set opposite the name of the operation and that the insurer would also pay to Dunbar his actual hospital expenses. The provision for payment to the hospital or doctor, "if authorized by the insured to do so", of course, does not detract from the insurer's agree-

ment to pay such fee and expenses to the insured.

The insurance company alleged and contends here that the policy did not cover any of Dunbar's hospital or doctor bills incurred while he was confined in an institution wherein he was entitled to services without cost to himself and that, to the extent payment was made by medicare, his hospital service and surgery were "without cost" to Dunbar because medicare paid said bills. The insurance company alleged Dunbar subscribed and paid $50.00 for "Part B" of Medicare to obtain the surgeon's services and that was the only service that was "not without cost" to Dunbar, wherefore the insurer tendered $50.00 on Dunbar's surgery bill, plus $40.00, the amount deductible and not paid by medicare for hospital expenses, contending that $90.00 was all Dunbar was entitled to recover because medicare had paid the remainder of the surgeon's and hospital bills. Appellant contends that the policy provision that the insurer was not liable for bills incurred in an institution wherein Dunbar was entitled to services without cost to himself is applicable. That provision is not applicable here. Dunbar was not in such an institution. He was not entitled to the hospital's and surgeon's services without cost to himself within the meaning of that provision. The provision was intended to cover a situation like that of a veteran in a veteran's hospital.

U.S.Code Ann., Title 42, Sec. 1395c et seq. provide some protection against the cost of hospital and other services for persons 65 or over under the circumstances of this case. Section 1395y provides that no payment may be made under medicare for expenses incurred for which the individual furnished same has no legal obligation to pay. Section 1395b provides that nothing therein shall prevent any individual from purchasing protection against the cost of any health service. Dunbar certainly had a legal obligation to pay said bills and he paid appellee for protection against the cost thereof.

In Travelers Insurance Company v. Varley, Tex.Civ.App., 421 S.W.2d 478, (Writ dis.), Varley recovered judgment on a health and accident policy for the cost of his hospital room and board. His policy provided that the insurer would "pay to the employee" an amount equal to the charge made by the hospital *"to the employee"* for room and board. The insurer defended on the ground that the policy obligated it to pay only the charges made by the hospital "to the employee", that the employee was not charged, that he was a medicare patient and that "medicare" was charged with and paid for his room and board. The court said the policy was issued eight years before the 1965 medicare provisions of the Social Security Act became effective; that said law was not within contemplation of the parties to that insurance contract; that nothing in the policy had the prospective effect of absorbing or embodying therein a subsequently enacted law and that payment by medicare of Varley's hospital expenses did not relieve his insurer of its agreement to pay him.

In Republic Bankers Life Insurance Company v. Anglin, 433 S.W.2d 795, the policy provided the insurer would pay "the insured (or the hospital, if authorized by the insured to do so) for the following items of hospital expense actually incurred—." It obligated the insurer to pay Anglin specified hospital expenses which he actually incurred. The court, speaking through Judge Chadick, said Anglin's admission to the hospital and receipt of services created an implied agreement that he would pay therefor; that Anglin actually incurred and became legally liable to pay the resulting hospital expenses, that the insurer's contention that Anglin had suffered no loss because he had not paid the hospital charges dodged the issue; that the policy contained an agreement to pay to Anglin the expense actually incurred, that the agreement was not conditional or contingent and therefore the insurer was liable to pay the insured his hospital expenses.

Here, there are no disputed facts. All material facts were stipulated. The only question presented is whether the insurance company was relieved of its liability to pay to Dunbar the fee charged by the surgeon and his actual hospital expenses because said bills were paid by medicare. With due deference to the able trial Judge, we hold that Dunbar was entitled to recover. The policy contained an express agreement to "pay the insured"—"the fee charged by the surgeon" and his "actual hospital expense." Dunbar, as a tax payer, presumably, paid for his protection under part A of medicare. He paid directly for the protection afforded by part B of medicare. For many years, before and after medicare, he paid for the protection promised by appellee. Appellee agreed to pay to Dunbar said hospital and surgeon bills. The charges were made by the hospital and doctor to Dunbar. He was liable for their payment.

The judgment is reversed and judgment is ordered rendered for appellant.