**Lucille M. STEFFEN, Executrix of the Estate of Paul B. Steffen, Deceased, Plaintiff-Respondent,**

v.

**PACIFIC MUTUAL LIFE INSURANCE COMPANY, a Corporation, Defendant-Appellant.**

No. 33220.

St. Louis Court of Appeals.

Missouri.

May 20, 1969.

Rehearing Denied June 13, 1969.

Fordyce, Mayne, Hartman, Renard & Stribling, P. Terence Crebs, St. Louis, for defendant-appellant.

Austin C. Knetzger, St. Louis, for plaintiff-respondent.

## PER CURIAM:

This is an action brought by Lucille Steffen, Executrix of the Estate of Paul B. Steffen, against Pacific Mutual Life Insurance Company to recover benefits claimed to be due the estate of Paul B. Steffen for hospital, medical and surgical expenses furnished said Paul B. Steffen, an insured under the policy. The case was tried to the court on an agreed statement of fact, and resulted in a finding and judgment for plaintiff in the sum of $964.40. Defendant has appealed.

The only issue on this appeal is whether or not under the terms of the policy plaintiff is entitled to recover from defendant the amount of the charge made by St. Joseph Hospital for services rendered by it to Paul Steffen which amount was paid the hospital under the medicare program.

The policy in suit, designated as a group Medical Expense Insurance policy, was issued to the trustees of the Regular Common Carriers Trust for the benefit of employees of those employers subscribing to said Trust. Among the benefits provided for were charges for hospital room and board, hospital expense, and surgical expense. Other benefits were provided for which are not material to the issues on this appeal. The policy contained the following provision, to wit: "Nothing in the group policy shall be construed to mean that any benefits which are contingent on charges made to the Employee shall be payable by the Insurance Company with respect to a hospital confinement in a hospital owned or operated by the United States government, or with respect to any surgical, medical, or other treatment received in such a hospital; or with respect to a hospital confinement or any surgical, medical, or other treatment for which no charge is made that the Employee is required to pay."

Steffen Transfer Company was, at and prior to the events which gave rise to this action, a subscribing employer to the Regular Common Carrier Trust. Paul B. Steffen was on, and for sometime prior to June 27, 1966, an employee of Steffen Transfer Company, and was so employed at the time of his death on August 13, 1966. During said time Paul B. Steffen was insured under the policy hereinbefore mentioned, as evidenced by a certificate issued to him by defendant. This certificate contained the same exclusion clause as that contained in the group policy.

On June 28, 1966, Paul B. Steffen became 65 years of age. On June 27, 1966, he was hospitalized in St. Joseph Hospital in Kirkwood, and remained in said hospital until the date of his death.

An Act of Congress providing health insurance for the aged, known as "Medicare", 42 U.S.C.A. § 1395, became effective on July 1, 1966. Paul B. Steffen was covered under said Act on and after July 1, 1966.

At the time Paul B. Steffen entered the hospital and during his confinement therein, there was in effect a written agreement between the government and St. Joseph Hospital with reference to Medicare payments. The parts of said agreement relevant to the issues on this appeal are as follows, to-wit:

"For the purpose of establishing eligibility for payment under Title XVIII of the Social Security Act, St. Joseph Hospital, Kirkwood, Missouri, hereinafter referred to as the provider of services, hereby agrees:

(a) Not to charge, except to the extent permitted by section 1866(a) (2) of such Act and regulations issued thereunder, any individual or any other person for items and services with respect to which the provider of services is precluded by reason of Section 1866(a) (1) from charging such individual or such other person.

(b) To return any money incorrectly collected from such individual or such person, or to make such other disposition as may be specified in regulations."

Defendant paid the hospital for insured's room and board and his hospital expense for the four days in June. Defendant also paid all surgical expense for the whole period of insured's confinement. The total sum paid amounted to $602.30. Defendant has refused to make further payments on the ground that it has fully discharged its obligations under its contract of insurance.

It was stipulated that Lucille M. Steffen in her individual capacity paid St. Joseph Hospital the amount due for insured's room and board and hospital expense for the period from July 1, 1966 through July 27, 1966. Thereafter Medicare paid St. Joseph Hospital the amount it was obligated to pay under the agreement with the government. St. Joseph then refunded to Lucille M. Steffen the amount received from Medicare.

Thereafter plaintiff made claim under the policy for the amount paid by her less the sum paid by defendant to the hospital. Defendant denied the claim on the ground that the payment under Medicare relieved it of liability under its policy with respect to those services covered by Medicare. It was stipulated that if plaintiff should prevail, she was entitled to recover the sum of $964.40.

The controversy between the parties centers around the phrase "for which no charge is made that the employee is required to pay".

Defendant contends that the court erred in refusing to enter judgment in its favor. In support of this contention it is urged that Paul Steffen was not required to pay for the hospital services for the reason that St. Joseph, having qualified under Medicare, received payment for same from the government's Medicare program pursuant to its contract with the government. Plaintiff contends that the words "required to pay" as used in contract means an "obligation to pay" which obligation arose when Steffen received the hospital services which is the subject matter of this suit, and that payment by Medicare did not change its character as an obligation of the insured. The word "require" is a word of very broad import. Black's Law Dictionary defines the word as follows: "to direct, order, claim, *compel*, request, need, exact". Other definitions may be found in Webster's Third New International Dictionary, such as "to ask for authoritatively, claim by right of authority."

 Taking into consideration the situation of the parties, the object sought to be accomplished by the insurance contract and the language of the instrument, we are of the opinion that it was intent of the parties that the contract of insurance was meant to indemnify the insured against obligations they were by law compelled to pay, and unless such a charge is made there can be no liability under the policy. It was not a policy of insurance in the usual sense but one of indemnity.

■ It is a fundamental rule of construction that words used in a contract are to be understood in their ordinary meaning, unless a different meaning is indicated by the context of the instrument, or by the circumstances of the case. And in determining the meaning of a contract, especially if there is a want of clearness in the language used, it is always permissible for the court to consider the situation of the parties, and the accompanying circumstances at the time of the execution of the contract. Restatement of the Law of, Contracts, 17A C.J.S. Contracts § 321; St. Louis Union Trust Co. v. McGovern & Co., 297 Mo. 527, 249 S.W. 68; North St. Louis Bldg. & Loan Assn. v. Obert, 169 Mo. 507, 69 S.W. 1044; Velvet Freeze, Inc. v. Milk Drivers etc., Mo.App., 177 S.W.2d 644. The author comments on the rule as set out in the Restatement as follows:

"Comment on clause (d):

"e. The court in the interpreting the words or other acts of the parties puts itself in the position which they occupied at the time the contract was made. In applying the appropriate standard of interpretation even to an agreement that on its face is free from ambiguity it is permissible to consider the situation of the parties and the accompanying circumstances at the time it was entered into—not for the purpose of modifying or enlarging or curtailing its terms, but to aid in determining the meaning to be given the agreement."

It is our conclusion that plaintiff could not have been compelled to pay St. Joseph Hospital for the hospital services rendered Paul B. Steffen which is the subject matter of this litigation. St. Joseph Hospital by its agreement with the government agreed not to charge any individual for said services. The agreement further provides that should the hospital incorrectly collect from an insured or other person for said services it would refund same. This agreement is in accord with 42 U.S.C.A. § 1395cc. Paul B. Steffen was a third party beneficiary of this agreement and in our view neither he nor his personal representative could be required to pay for said services. Defendant is therefore not liable under its policy for said services.

The judgment is reversed.

All concur.