**AMERICAN BANKERS INSURANCE COMPANY, Appellant,**

v.

**Henry H. BLACK, Appellee.**

**No. 547.**

Court of Civil Appeals of Texas, Tyler.

April 22, 1971.

Rehearing Denied May 13, 1971.

Sheehy, Cureton, Westbrook, Lovelace & Nielsen, Benjamin N. Hamilton, Waco, for appellant.

James N. Phenix, Henderson, for appellee.

McKAY, Justice.

Henry H. Black, plaintiff, brought suit against American Bankers Insurance Company, defendant, on an accident and sickness insurance policy, for hospital charges, doctor bill, penalty and attorney's fee. The insurance company defended on the ground that (1) the policy provided "(t)he Company will pay indemnities for the usual and customary expenses *actually* and necessarily *incurred* only while * * * confined as a bed patient * * *" (emphasis ours); and (2) the policy provided " * * * (n)o indemnities whatsoever shall be payable * * * for any loss or disability resulting wholly or partly in or from * * * (a)ccidental Bodily Injury or Sickness in cases where hospitalization is provided at the expense of any philanthropic, fraternal, eleemosynary or governmental institution or agency, or otherwise provided without cost to the person insured * * *." The case was submitted to the trial court on stipulated facts and judgment was rendered for plaintiff for $700.-05 for hospital charges, $84.00 for 12% penalty, and $200.00 attorney's fee, a total of $984.05 and costs. Defendant brings this appeal on three points and the parties will be designated here as in the trial court.

The stipulated facts show that plaintiff was covered at all times material by the policy in question; that he was admitted to Henderson Memorial Hospital by Dr. Mann for illness; that the hospital charges were $781.05 and the doctor's charges were $225.00; that defendant paid the hospital $193.00 of its charges and paid the doctor $53.00 of his charges; that the annual premium paid by plaintiff was $330.40; that the Social Security Administration, through the Medicare program (Title 42, Section 1395 et seq., U.S.C.A.) paid the Henderson Memorial Hospital $587.05 and paid Dr. Mann $172.00; that plaintiff pays $3.00 per month medical expense coverage under Part "B" for Medicare to the Social Security Administration; that defendant denied the claim of plaintiff and suit was filed more than thirty days after demand of the plaintiff on defendant; that plaintiff had four other policies of hospitalization insurance or cash indemnity policies covering the period of hospital confinement in question which paid him $290.00, $380.00, $519.28 and $400.00, respectively; that the defendant at the time of trial had paid under the policy in question the sum of $243.00; that plaintiff was covered under the Medicare program of the federal government and a total sum of $759.05 had been paid on this bill; that the total payment under the Medicare program plus the other policies of hospitalization insurance was $2,591.33, excluding the amount in issue in this case; that at the time plaintiff became sixty-five years of age, he was notified by defendant in writing that the Company would not voluntarily pay under the policy in question for expenses which had been covered and paid for under the Medicare program of the federal government; that Henderson Memorial Hospital entered into a written contract with the federal government pursuant to Title 42, Section 1395cc, whereby the hospital agreed not to charge the patient for any hospital expenses which have been covered under the Medicare program; that if plaintiff was called to testify, he would testify that the reason he had these other policies of insurance was that it would serve the purpose of major medical expenses at the time the Medicare Act runs out or no longer provides benefits.

The trial court in response to a request for findings of fact and conclusions of law declined to make any findings because the facts were stipulated but did find as conclusions of law that defendant became legally obligated to pay to the plaintiff the sum of $700.05 for services of Henderson Memorial Hospital and Dr. Mann and that plaintiff was entitled to recover 12% penalty and attorney's fee under Article 3.62, Insurance Code, V.A.T.S. The Court further concluded that defendant was liable to

the hospital and the doctor under the law of contracts and that the Medicare Act of 1965, as well as the payments authorized thereunder, was not within the contemplation of the parties at the time the insurance contract herein was entered into by the parties.

The Health Insurance Benefits Agreement [1] between Henderson Memorial Hospital, the provider of services, and the Department of Health, Education and Welfare, Social Security Administration, effective in June, 1966, provided the hospital agreed not to charge any individual or any other person for items and services except as permitted by, or unless precluded by, certain sections of the Act, Health Insurance for Aged, Title 42, Section 1395 et seq.; 1395cc, U.S.C.A.

Defendant's points 1 and 2, which are discussed together, contend that plaintiff had no actual obligation to pay the hospital charges as a condition of liability by the insurance contract, and that by the policy, the defendant agreed to pay only for "expense actually incurred" and that no expense was actually incurred.

The policy in "Part III. Medical and Hospital Benefits," provides "(t)he Company will pay indemnities for usual and customary expenses actually and necessarily incurred only while a person insured hereunder is confined as a bed patient to a Legally Constituted Hospital while this policy is in force * * *." Defendant's position is that plaintiff was never obligated to pay these charges and therefore the charges were not actually incurred. Stated another way, defendant says it is not liable unless plaintiff actually became legally obligated to pay the hospital and medical charges.

The word "incurred" means "to become liable to or subject to, to bring on, occasion, cause, or become liable or subject to through one's own action; bring upon oneself; as to incur liabilities or penalties." *American Indemnity Company v. Olesijuk*, 353 S.W.2d 71 (Tex.Civ.App., San Antonio, 1962, writ dism.), and authorities there cited. There are numerous cases from other jurisdictions to the effect that expenses are "incurred" only when the insured has become obligated or liable to pay for them. 20A, Words & Phrases, page 452.

In *Olesijuk*, the hospital expenses were reimbursed to the patient by the U. S. Navy, but he "incurred" the expenses by becoming liable and obligated to pay them himself. There was no agreement for the hospital to look to anyone else for payment, and once the legal obligation arose against the patient, it was immaterial who actually paid the bill.

In Travelers Insurance Company v. Varley, 421 S.W.2d 478 (Tex.Civ.App., Waco, 1967, writ dism.), the policy provided that the Company would pay to the employee (insured) "an amount equal to the charge made by the hospital to the employee for room and board;" that under the Miscellaneous Fee section, the Company would pay to the employee actual expense to the employee of such charges; and that " * * * (t)he medical expenses covered under this part shall include reasonable charges actually incurred by the Employee * * *." The insurer claimed that since insured was a Medicare patient that the employee was not charged, but that Medicare was

---

1. "For the purpose of establishing eligibility for payment under Title XVIII of the Social Security Act, Henderson Memorial Hospital, Henderson, Texas, hereinafter referred to as the provider of services, hereby agrees:

"(A) not to charge, except to the extent permitted by section 1866(a) (2) of such Act and regulations issued thereunder, any individual or any other person for items and services with respect to which the provider of services is precluded by reason of section 1866(a) (1) from charging such individual or such other person;

"(B) to return any moneys incorrectly collected from such individual or such person, or to make such other disposition as may be specified in regulations."

charged with and paid for his room and board, but the Court held the word "charge" meant "to place on the debit side of an account," and since it was a "charge" against the insured, the Company was obligated to pay it. Under the Miscellaneous Fee section above, however, the court held that "actual expense to the employee" meant money spent, and since insured spent no money, he was not entitled to recover under that section.

In Dunbar v. National Security Life & Accident Insurance Company, 439 S.W.2d 892 (Tex.Civ.App., Eastland, 1969, writ ref., n. r. e.), the policy provided the Company would "pay the insured for the fee charged by the surgeon" for a surgical operation and for hospital benefits "will pay the insured" stated items of "actual hospital expense." The insurer tendered the deductible items not paid by Medicare and contended it was not further liable because insured's hospital services and surgery were without cost to him. The court held that insured was entitled to recover under the express agreement in the policy to "pay the insured * * * the fee charged by the surgeon" and his "actual hospital expense." The opinion cites Republic Bankers Life Ins. Co. v. Anglin, 433 S.W.2d 795 (Tex.Civ.App., Texarkana, 1968, n. w. h.), with approval, as well as the *Varley* case, but it does seem to be inconsistent with *Varley* on the issue of actual expense.

■ Neither the *Varley* case nor *Dunbar* or *Anglin* had the precise question presented here, that is: Are hospital and medical expenses "actually incurred" when there is a written agreement on the part of the hospital "not to charge * * * any individual or any other person for items and services" paid or to be paid by Medicare? We hold under this record that these expenses are not actually incurred. The hospital agreed it would not charge plaintiff for these expenses, so he never became liable for them; that they never became a charge upon him; that they were never "brought upon him," and they were not put on the "debit side of an account" against *him*. He spent no money and he had no legal obligation to pay these charges. The insurance contract remained in force and effect, and its provisions are not violated in that the Company remained liable to pay "expenses actually incurred." Plaintiff could have chosen a hospital which had no such agreement not to charge him and the insurer would have been obligated to pay his "expenses actually incurred." Under such circumstances, plaintiff would have been personally obligated to pay, which obligation would, in turn, bind the insurer.

There are some authorities from other jurisdictions which are persuasive in reaching our conclusion. In United States v. St. Paul Mercury Indemnity Co., 238 F.2d 594 (8th Circuit, 1956), a military veteran was admitted to a veterans' hospital. He had a policy of insurance which provided the insurer would pay him "for expenses actually incurred." It was shown the veterans' hospital could not legally charge him as a charity patient, and the court held what he was entitled to have furnished to him under the statute (38 U.S.C.A. section 706) without obligation on his part, and what he accepted " * * * could hardly legally be said, we think, to represent 'expenses actually incurred by the Insured.' "

In Protective Industrial Insurance Co. of Alabama v. Gray, 40 Ala.App. 578, 118 So.2d 289, Court of Appeals of Alabama, 1960, the insured had a policy which agreed to pay insured or hospital items of "actual hospital expense." The evidence showed that the State of Alabama made provisions for insured to enter the hospital to be operated, assumed the responsibility for the operation, paid part of the bill under a rehabilitation program, and the remainder was handled as charity. The court held " * * * where there exists no obligation on the part of the plaintiff below, express or implied, to pay anything, the plaintiff cannot be heard to assert a claim for 'items of actual hospital ex-

pense.'" (Citing United States v. St. Paul Mercury Indemnity Co., supra.)

In Drearr v. Connecticut General Life Insurance Co., 119 So.2d 149, Court of Appeal of Louisiana, 1960, the plaintiff was a patient in a veterans' hospital and sued on an insurance policy which provided the insurer would pay him "for the *expenses incurred*" for hospital charges for bed and board and necessary services and supplies. The court said: "Thus the plaintiff not having incurred any expenses—indeed, he could not legally do so in a veterans' facility—has no right of recovery under the certificate of insurance issued by defendant."

A Medicare case is found in Steffen v. Pacific Mutual Life Ins. Co., 442 S.W.2d 142, Missouri Court of Appeal, 1969, in which the policy excluded benefits where "no charge is made that the employee (insured) is required to pay." The court treated this language as meaning that the policy would cover only what the insured was legally obligated to pay. The court stated:

"It is our conclusion that plaintiff could not have been compelled to pay St. Joseph Hospital for the hospital services rendered Paul B. Steffen which is the subject matter of this litigation. St. Joseph Hospital by its agreement with the government agreed not to charge any individual for said services. The agreement further provides that should the hospital incorrectly collect from an insured or other person for said services it would refund same. This agreement is in accord with 42 U.S.C.A. § 1395cc. Paul B. Steffen was a third party beneficiary of this agreement and in our view neither he nor his personal representative could be required to pay for said serv-

ices. Defendant is therefore not liable under its policy for said services."

We believe the conclusion reached in the *Steffen* case applies to the case at bar.

The question is not, as suggested by plaintiff, whether payment by Medicare precludes recovery by plaintiff under the policy contract. The question is whether plaintiff ever became obligated to pay the hospital and doctor bills himself. While the stipulation of facts in the transcript recites that "(the plaintiff) incurred the reasonable necessary and customary charges by said Hospital * * *," and "(h)e incurred reasonable, necessary and customary charges * * *" by the doctor, whether the plaintiff actually incurred the hospital and medical charges is a legal question, and in this case is the legal question for our decision. Stipulations as to matters of law are without effect and bind neither the parties nor the court. 53 T.J. 2d 315.

Assuming that the plaintiff and defendant, at the time the policy herein became effective, had no contemplation of the statutes creating the Medicare program, we are of the opinion that such has no bearing on this case.

We hold that plaintiff did not incur any expenses under the record here presented, and that he therefore is not entitled to recover under the policy language "expenses actually incurred."

Defendant's third point is not reached.

The judgment of the trial court is reversed and judgment rendered for the defendant.

Reversed and rendered.