Larry R. BLOEBAUM and Mary Bloebaum, Plaintiffs-Appellants,

v.

GENERAL AMERICAN LIFE INSURANCE COMPANY, Defendant-Respondent.

No. 51511.

Missouri Court of Appeals, Eastern District, Division Five.

May 26, 1987.

Motion for Rehearing and/or Transfer Denied June 24, 1987.

Application to Transfer Denied Sept. 15, 1987.

Norton Y. Beilenson, Ralph M. Lake, Dolgin, Beilenson, Klein, Lake & Nodiff, Clayton, for plaintiffs-appellants.

Joseph M. Kortenhof, Rochelle Kaskowitz, Kortenhof & Ely, St. Louis, for defendant-respondent.

CARL R. GAERTNER, Judge.

Plaintiffs Larry and Mary Bloebaum appeal from an order granting summary judgment for defendant General American Life Insurance Company. We affirm.

Lynda Bloebaum, plaintiffs' minor daughter, was admitted to St. Louis Children's Hospital on July 16, 1979 and released on October 13, 1981. During that time she was insured under a group health insurance policy issued to plaintiff Larry Bloebaum through his employer, McDonnell-Douglas Corporation. While Lynda was an in-patient at Children's her parents brought a medical malpractice claim against the hospital, both individually and on her behalf. That claim was subsequently resolved when the court approved the parties' settlement agreement and pursuant to it entered judgment against Children's. Defendant was not a party to either the lawsuit or the settlement.

The settlement agreement provided for payment to Lynda's father and guardian of $100,000 per year for her lifetime, or to her parents until the year 2000 in the event of her death before that date, $500,000 to her parents, plaintiffs herein, and $750,000 for attorney's fees. In addition, Children's waived all rights to reimbursement for the cost of Lynda's medical care, approximately $309,080.84. The agreement also stated that any insurance benefits which might be

paid to Children's by the defendant would be returned to plaintiffs and their attorneys, and that any such payment "[would] not be construed to prevent Larry or Mary Bloebaum from collecting the same from General American Insurance Company."

On February 10, 1982, plaintiffs first filed a claim for medical benefits with defendant. The claim form was accompanied by a bill addressed to plaintiff Larry Bloebaum from Children's across the face of which was stamped "Charges waived. Do Not Bill." Defendant promptly declined to honor the claim based upon a provision in the policy which reads: "[b]enefits shall not be payable under the Medical Expense Insurance provided by this policy for or in connection with ... medical care, services or supplies for which no charge is made or for which the insured individual is not, in the absence of this insurance, legally obligated to pay."

Plaintiffs subsequently brought this action, seeking both a declaratory judgment to establish defendant's obligation to pay for various expenses resulting from Lynda's confinement at Children's and damages for vexatious refusal to pay. Defendant's motion for summary judgment was granted and this appeal ensued.

■ Initially we note that where the court is only called upon to construe the provisions of a contract, the intent of which can be ascertained from its face, and to apply those provisions to undisputed facts it is an appropriate case for summary judgment. *Teter v. Morris,* 650 S.W.2d 277, 286 (Mo.App.1982); *Nat'l Merchandising Corp. v. McAlpin,* 440 S.W.2d 489, 494 (Mo.App.1969). Furthermore, medical and hospital expense insurance is not insurance in the usual sense, providing benefits upon the occurrence of an event. It is by definition a contract of indemnity, *See* Couch on Insurance 2d (Rev ed) § 41A:42, intended to indemnify and hold the insured harmless from obligations he is by law compelled to pay. *Steffen v. Pacific Mut. Life Ins. Co.,* 442 S.W.2d 142, 145 (Mo.App.1969). The language of the contract in the instant case clearly establishes this intent. In addition to the above quoted language excluding the

payment of any benefits for services for which no charge is made or for which the insured is not legally obligated to make payment, the policy also expressly excludes from coverage expenses paid for by the United States Government or under state sickness laws, under worker's compensation laws, or for services furnished without charge by government hospitals or agencies. Additionally, the policy contains a standard Multiple Coverage Limitation and Coordination provision under which the benefits payable under more than one medical expense plan shall not exceed the actual expenses paid by the insured. This provision is explained in the employee's certificate of insurance which states the purpose of group health insurance is to lessen the burden of hospital and medical expense, but to avoid profiting in excess of actual expenses as that "boosts" the cost of the insurance to fellow employees.

Ignoring this clear expression of intent as garnered from the entire contract, plaintiffs seize upon isolated phrases in the policy: "an expense shall be deemed to be incurred upon the date the medical care, service and supply is rendered or received," and "benefits ... shall be payable ... for the covered expense incurred...." By virtue of this language they argue their right to insurance benefits "became vested" upon the date of rendition of the covered service. They rely on such cases as *Behr v. Blue Cross Hosp. Serv. Inc.,* 715 S.W.2d 251 (Mo.banc 1986) and *Lutsky v. Blue Cross Hosp. Serv. Inc.,* 695 S.W.2d 870 (Mo. banc 1985). Those cases do not provide support for plaintiffs' position, however, as they are factually distinguishable. *Behr, Lutsky* and the other Missouri cases relied on by plaintiffs all involve some form of termination (i.e., cancellation or modification) of coverage with respect to a condition predating the termination. It was the attempt *by the insurer* to terminate future benefits which had been established under existing coverage that was held to be invalid. Here the insurer did absolutely nothing to affect plaintiffs' right to benefits under the policy. Rather, it was the insured plaintiffs who placed themselves beyond

the scope of the coverage by obtaining a waiver of all charges from the hospital.

We have been referred to and our research has disclosed only one case in which an attempt was made to recover medical expense benefits under a health insurance contract after a "forgiveness" of charges by a hospital was a part of the settlement of a malpractice action. In *Margolis v. Prudential Ins. Co. of Am.*, 629 F.Supp. 195 (D.D.C.1985), after a trial in which plaintiff recovered damages for malpractice against a hospital and the hospital recovered its charges for services in a counterclaim, the parties agreed to set aside the verdicts and enter into a compromise which included the forgiveness of the hospital bill. In a subsequent suit on the health insurance policy, the court held that since no medical expense had been sustained, there was no basis for indemnity under the policy. The court concluded that "by virtue of the settlement agreement [the insured] was relieved of any duty to pay those charges and did not 'incur' expenses as required by the Policy as a condition for payment of benefits." *Id.* at 198–99. In view of the clear intent that the contract of insurance in the instant case provide only for indemnity for actual expenses, we find the decision of the *Margolis* court to be persuasive.

Moreover, in the instant case plaintiffs' argument fails to note the distinction in the policy itself between an "expense" and a "covered expense." The provision that an "expense" is deemed incurred as of the date of the rendition of service does not establish a vested right to payment of benefits on that date. Benefits are payable as indemnification for "covered expenses" which, by policy definition, do not include "medical care, services and supplies for which no charge is made or for which the insured individual is not ... legally obligated to pay." We need not address plaintiffs' speculative contention that if they had made a claim under the policy before entering into the settlement agreement with the hospital they would have been entitled to payment. Nor we will speculate that if they had made such a claim they would not have demanded forgiveness of

the hospital charges as a part of the settlement. The fact is that they are here seeking indemnification for a loss they did not sustain. Payment of benefits for unsustained expenses is not only contrary to the express language and obvious intent of the contract, but would also contribute substantially to the spiraling inflation of rates for group medical expense insurance plans.

The judgment of the trial court in favor of the defendant is affirmed.

SNYDER, C.J., and SIMEONE, Senior Judge, concur.